99 F.3d 1160
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
June B. PUGH Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3258.
 United States Court of Appeals, Federal Circuit.
 Oct. 23, 1996.
 
 Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ms. Pugh appeals from a decision of the Merit Systems Protection Board affirming the Office of Personnel Management's ("OPM") denial of Ms. Pugh's request to increase her retirement annuity payments. We affirm.
 
 DISCUSSION
 
 2
 From 1970 to 1978 Ms. Pugh worked part-time for the Department of Veterans Affairs ("DVA"). In 1978 she was given a full-time position as a Nurses Resources Coordinator pursuant to Title 38 of the United States Code, in which capacity she remained until her voluntary retirement in 1994. The issue in this case is the amount of her retirement annuity.
 
 
 3
 Ms. Pugh opted in 1994 to take advantage of a Voluntary Separation Incentive program and take an early retirement from the DVA. Prior to making her decision, however, Ms. Pugh inquired of her employer regarding the amount of her retirement annuity. Unfortunately, she received erroneous information. The Human Relations Specialist at the DVA informed Ms. Pugh that she was entitled to receive $1817 per month based on her years of service. This annuity payment was calculated assuming that she received full credit for her years of part-time service to the DVA during the years 1970 to 1978. This formerly was the law. However, effective October 1, 1981, Public Law 97-72, 95 Stat. 1047, (codified at 38 U.S.C. § 7426 (1994)), changed the formula for calculating annuity benefits. Under this new methodology, annuitant's years of service are prorated based on the fraction their actual service is to full-time service. Id. In Ms. Pugh's case, this meant that she would receive credit for only a fraction of the eight years of part-time service. This reduced her annuity from $1817 to $1430, a difference of $387 a month. Upon being informed of this reduction by OPM, only after retiring from the DVA, Ms. Pugh filed the present action with the MSPB. The MSPB affirmed OPM's decision. She now appeals that decision to this court.
 
 
 4
 The issue is whether the Government must pay Ms. Pugh the higher annuity payment the DVA erroneously told her she would receive. We are bound by Supreme Court precedent to answer in the negative. See Office of Personnel Management v. Richmond, 496 U.S. 414, 420 (1990). Ms. Pugh reasonably relied to her detriment on the advice of her employer. There is no explanation in the record why, almost 13 years after the passage of Public Law 97-72, DVA personnel specializing in such matters were still applying the old formula. Ms. Pugh went so far as to attempt to verify this advice with outside sources, all of which confirmed that she was entitled to the higher amount. Unfortunately, like the advice from her employer, they too were wrong. Although we empathize with Ms. Pugh's plight, she, like Mr. Richmond, may not be paid benefits beyond those prescribed by law. The fact that Government agents give erroneous information upon which citizens rely does not change what the law prescribes. Id. Ms. Pugh rightly complains that she would be held accountable in her profession for her mistakes, and so should Government officials be held accountable for theirs. That, however, is not the law as construed by the Supreme Court, and we are bound by that court's rulings until changed by that court or by Congress. Because Ms. Pugh has not met her burden of proving that the Board's decision was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law, we affirm. See 5 U.S.C. § 7703(c) (1994).
 
 COSTS
 
 5
 Each party to bear its own costs.